IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SALLIE A. MATHIS | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. L01CV3815 |
| RAYTHEON COMPANY, | * | |
| Defendant. | * | |

\* \*    \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANT'S BILL OF COSTS**

**I. INTRODUCTION**

Defendant Raytheon Company, by and through undersigned counsel, pursuant to Rule 54(d), Fed. R. Civ. P., 28 U.S.C. § 1920 and Local Rule 109.1, respectfully submits this Memorandum of Points and Authorities in support of its Bill of Costs.

**II. DISCUSSION**

On March 28, 2003, the Court granted Defendant's motion for summary judgment in its entirety, entering judgment against Plaintiff Sallie Mathis' claims. As a result, the Court should tax costs against Plaintiff.

Under the Federal Rules of Civil Procedure, the prevailing party is entitled to taxable costs. Rule 54(d)(1) Fed. R. Civ. P., entitled "Costs Other Than Attorneys' Fees," provides, in relevant part:

> Except when express provision therefor is made either in a statute of the United States or in these rules, cost other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs...

(emphasis added). See also Delta Air Lines, Inc. v. August, 450 U.S. 346, 352 (1981) ("prevailing [parties] presumptively will obtain costs under Rule 54(d)"); Oak Hall Cap & Gown Co., Inc. v. Old Dominion Freight Line, Inc, 899 F.2d 291, 296 (4th Cir. 1990) (noting the "normal practice" of awarding costs to the prevailing party).

In prevailing in this case, Defendant incurred taxable costs in the amount of $314.55. An order taxing that amount against the Plaintiff is appropriate. Defendant's Bill of Costs is supported by the Affidavit of Thomas H. Strong in Support of Defendant's Bill of Costs, attached as Ex. 1.

### A.   Deposition Transcripts and Witness Fees.

Taxable items include costs associated with necessary transcripts and depositions, as well as witness fees. During discovery, Defendant incurred costs in the amount of $243.00 for the deposition of the Plaintiff Sallie Mathis. See Ex. 1 and Exhibit A thereto.[1] Portions of this deposition was used to support Defendant's Motion for Summary Judgment.

Under 28 U.S.C. § 1920(2) "[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case" are reasonable costs. Because the deposition transcript was "necessarily obtained for use in this case," the cost of this transcript should be taxed against Plaintiff. See LaVay Corp. v. Dominion Fed. Savings & Loan Ass'n, 830 F.2d 522, 528 (4th Cir. 1987), cert. denied, 848 U.S. 1065 (1988); Board of Directors,

2

Water's Edge v. The Anden Group, 135 F.R.D. 129, 134 (E.D.Va. 1991) (allowing as costs "one copy of a deposition taken by [the opposing party], as well as an original transcript and one copy of a deposition taken by [the prevailing party].").

    **B.**    **Printing And Copying Costs For Exhibits, Required Pleadings/Papers And Dispositive Motions.**

The taxation of costs for the printing and copying of papers and pleadings necessarily obtained or used in a case is authorized by 28 U.S.C. §1920. See Thomas v. Treasury Management Ass'n, Inc., 158 F.R.D. 364, 372 (D. Md. 1994) ("costs incurred for fees of the clerk ... and for deposition transcripts ... and for exemplification and copying of papers necessarily obtained for use in the case" are recoverable); Advance Business Systems & Supply Co. v. S.C.M. Corp., 287 F. Supp. 143, 163-64 (D. Md. 1968) (printing and copying costs allowed), aff'd, 415 F.2d 55 (4th Cir. 1969).

Defendant requests the sum of $71.55 as taxable costs for this item. The itemization of these costs is as follows:

---

[1]     This amount is the cost of the transcript only. Handling and delivery charges have not been included.

| Document | No. of Pages | No. of Copies[2] | Total Number of Pages | Per Page Rate | Total Cost |
|---|---|---|---|---|---|
| Answer to Amended Complaint | 6 | 3 | 18 | .15 | $ 2.70 |
| Summary Judgment Motion | 4 | 3 | 12 | .15 | $ 1.80 |
| Summary Judgment Memorandum | 17 | 3 | 51 | .15 | $ 7.65 |
| Summary Judgment Exhibits | 113 | 3 | 339 | .15 | $50.85 |
| Summary Judgment Reply Memorandum | 16 | 3 | 48 | .15 | $ 7.20 |
| Summary Judgment Reply Memorandum Exhibits | 3 | 3 | 9 | .15 | $ 1.35 |
| **Total** | | | | | **$71.55** |

As set forth in the chart above, the total amount of copying costs for Defendant's Answer and the summary judgment filings was $71.55. The 15¢ per copy charge is less than the cost actually incurred by Defendant and well within market rates. <u>Cf.</u> Local Rule 104.11(c).

### III. <u>CONCLUSION</u>

For all of the foregoing reasons, the Court should tax costs against Plaintiff in accordance with the attached Bill of Costs.

Respectfully submitted,

_____/s/_____
Jeffrey P. Ayres
Bar No. 00492 (signed by Thomas H. Strong with
  permission of Jeffrey P. Ayres)

---

[2] The number of copies is based on the local rule requirements of an original and one copy, plus one copy that must be served on opposing counsel. <u>See</u> Local Rules 105.1.

4

BA2/211875

Thomas H. Strong
Federal Bar No. 23716
Venable, Baetjer & Howard, LLP
210 Allegheny Avenue
Towson, Maryland 21204
(410) 494-6200

Counsel for Raytheon Company

BA2/211875